UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| CAROLYNN L. H., | | |
| Plaintiff, | | Case No. C23-5439 RSM |
| v. | | **ORDER AFFIRMING AND DISMISSING THE CASE** |
| COMMISSIONER OF SOCIAL SECURITY, | | |
| Defendant. | | |

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Plaintiff contends the ALJ erred by rejecting her symptom testimony. Dkt. 8. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

This is the second time Plaintiff seeks judicial review of her application for SSI. In 2019, the ALJ issued an unfavorable decision. AR 12–29. In 2021, this Court reversed the ALJ's decision. AR 1189–97. On remand, the ALJ held a hearing in December 2022. AR 1109–44. During the hearing, Plaintiff requested a closed period of disability. AR 1116–18. In March 2023, the ALJ issued a decision finding Plaintiff not disabled from March 2, 2018, through May 9, 2022.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff's only assignment of error is with the ALJ's evaluation of her symptom testimony. Dkt. 8 at 2–4. Plaintiff testified that during the relevant period, she experienced night terrors and hallucinations. AR 100, 121, 1131, 1139. She testified she was not able to go out in public because being around others triggered her anxiety. AR 101–02, 118. She explained that because of her depression, she spent most of her time in bed or on the couch, she often felt overwhelmed, and she was unreliable. AR 105–06, 109–10. She stated she easily forgot what she was supposed to do, she could not maintain her attention, and she could not interact with her family members. AR 101, 123–25, 1139.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

ORDER AFFIRMING AND DISMISSING
THE CASE - 2

The ALJ rejected Plaintiff's testimony for several reasons, including its inconsistency with objective medical evidence and Plaintiff's treatment records. AR 1096–98. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. And how a claimant's symptoms respond to treatment is "an important indicator of the intensity and persistence of [the claimant's] symptoms." 20 C.F.R. §§ 404.1529(3), 416.929(3); *see also Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (holding that "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits").

Plaintiff's therapy notes from late 2019 show Plaintiff made "minimal" progress with her ability to deal with stressors. AR 1473–74. Her mental status examination around that time also reveal findings that were not within normal limits. AR 1487–88. The following year, Plaintiff started attending therapy. *See* AR 1594–1640. Plaintiff's therapy notes show her mood varied, and she reported night terrors, hallucinations, and post-traumatic stress disorder-related symptoms. *See* AR 1596, 1600, 1604, 1608, 1612, 1620, 1632, 1636. However, despite these reported symptoms, Plaintiff's mental status examinations show she was alert, had euthymic mood, and logical, linear, and coherent thought process. AR 1081, 1595, 1599, 1603, 1607, 1611, 1619, 1631, 1635, 1657, 1660, 1663. Plaintiff's counselors also continuously noted she was engaged and responded positively during her counseling sessions. AR 1596, 1600, 1604, 1608, 1612, 1620, 1632, 1636. Plaintiff also reported her medication was helpful. AR 1612. Later therapy notes show Plaintiff no longer reported hallucinations, she had normal memory, insight, and judgment, though she still had night terrors and reported depression. *See* AR 1657–64, 2088. Plaintiff's mental status examination and reports of engagement and improvement

from treatment undermine her testimony about the limiting effects of her mental health symptoms.

The ALJ also rejected Plaintiff's testimony because it was inconsistent with her reported activities. AR 1096–98. An ALJ may consider whether a claimant's activities are inconsistent with his or her alleged symptoms. *Smartt*, 53 F.4th at 499. A claimant's "daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" *Id.* (quoting *Molina*, 674 F.3d at 1113). The record shows Plaintiff interacted with her family, cleaned her sister's house as a way to "pay rent," made gem art, and regularly attended her substance treatment meetings. AR 895, 1600, 1620, 1664. The record also shows Plaintiff attempted to apply for jobs but stopped because of the COVID-19 pandemic. AR 1612, 2070. Plaintiff's ability to engage in these activities contradicts her statements about how she spent most of her time in bed with almost no interaction with others.

Plaintiff argues the ALJ impermissibly disregarded the evidence showing she experienced symptoms throughout the relevant period and cites various treatment notes in the record. *See* Dkt. 8 at 3–4. Plaintiff misunderstands the ALJ's reasoning. The ALJ did not dispute the presence of Plaintiff's mental health symptoms—the ALJ noted that Plaintiff has impairments which could reasonably produce the symptoms she testified to and discussed her diagnoses. *See* AR 1094–95. However, the ALJ found that her statements about the "intensity, persistence, and limiting effects" of those symptoms were not as severe as alleged, given her mental status examinations, reports of improvement, and ability to partake in activities during the closed period. *See* AR 1094–98. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). The ALJ's assessment of Plaintiff's record is a rational one,

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

therefore in rejecting Plaintiff's testimony, the ALJ did not err.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 3rd day of November, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE